ALLEN *et al. v.* CITY OF MARIETTA; *et vice versa.*

PER CURIAM. 1. The act of 1925 (Acts 1925, p. 1176) is not unconstitutional, nor void for any reason alleged.

2. The ordinance of the City of Marietta, passed in pursuance of the above mentioned act, is not void for any reason alleged.

3. The allegations of the petition, construed in view of the foregoing rulings, set forth no cause of action, and the court erred in overruling the general demurrer thereto.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. All the Justices concur.*

Nos. 5306, 5311. DECEMBER 21, 1926.

Petition for injunction. Before Judge Blair. Cobb superior court. February 12, 1926.

G. O. Allen and others, each engaged in business of stated character, brought their petition against the City of Marietta, alleging, in substance, as follows: The petitioners joined in one suit in order to avoid a multiplicity. By virtue of the authority presumed to have been conferred by the act of 1925 (Acts 1925, p. 1176), the city by its officers and agents has expressed its determination to begin to collect a series of occupation taxes against plaintiffs, ranging from $25 to $100, the respective amount for each petitioner being given. The act referred to is unconstitutional and void in so far as it undertakes to amend lines 35 and 36 of section 26 of the act of 1904, approved August 15 [18], 1904, because said portion of the act of 1925 offends article 3, section 7, par. 17, of the constitution of Georgia, as follows: "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Also, "said act is mixed with an ad-valorem-taxation act, and leaves the City of

---

Licenses, 37 C. J. p. 192, n. 51; p. 207, n. 87; p. 255, n. 81 New. Statutes, 36 Cyc. p. 1060, n. 76.

Marietta a discrètionary range of $25 to $100, without a standard of measure to be guided by, and provides no remedy for the tax-payer to be heard as to the amount assessed against him, and that said section is consequently in violation of article 1, section 1, paragraph 3, of the constitution of Georgia" (the due-process clause). Section 26 is further amended by adding, at the end of the section, the following: "Five thousand ($5,000.00) dollars of the first money received from the sale of licenses shall be paid into the school funds of the city for the use of the board of education in said city, provided there is a board of education in said city, and any money derived from this source, in addition thereto, to go into the general fund of the city." Plaintiffs contend that this is void, because: "(a) It is an attempt to make an appropriation to be paid by certain individuals designated as a class business men —to the exclusion of taxation upon others with more property and income but who are not in active business, and is discriminatory. (b) If designated as an occupation tax, the same can not be law-fully applied to the board of education for its use; as an occupa-tion tax its application is lawfully for sanitary purposes and police protection, and can not be diverted by legislative act to the board of education for its use, and for this reason said $5,000.00 can not be collected, since the purpose of the collection is illegal. (c) Said act is prohibitive; it is so oppressive that any number of small enterprises will be forced to quit business, and for this rea-son the said act is unconstitutional and void."

The City of Marietta has undertaken to pass an ordinance to carry into effect the above-mentioned act of the General Assembly. Said ordinance is attached as an exhibit to the petition, and is de-nominated in its caption as a special tax ordinance, and provides the taxes to be paid by persons engaged in the several classes of business ranging from $25 to $100. It provides punishment by fine or imprisonment for doing business without paying said license fee, provides police regulations for conducting auto hacks, for the payment of $5,000 of the amount collected to the school board, and for a revocation of licenses whenever any person doing business under such license shall violate any law of the United States, or of the State of Georgia, or of the City of Marietta. It is contended that this ordinance is void, because: "(a) Regarded as an occupation tax, it is not uniform, in that it makes a distinc-tion between those paying ad valorem taxes and those who may not

have paid ad valorem taxes. (b) Said ordinance fails in uniformity, in fixing different taxes for merchants, not a graduated per centum, but by making a jump from one to another on account of his capital stock, which is discriminatory and violates the principles of occupation tax and partakes of ad valorem taxation. (c) Said ordinance is prohibitive and will drive small business enterprises out of business, and for this reason is void." Plaintiffs are reliably informed that the public schools of Marietta are $27,000 behind in funds with which to operate. They are friendly to the schools, but contend that it is unfair to legislate funds into the schools by occupation tax. They pray that process issue; that the act of 1925 be declared unconstitutional and void; that the above-stated ordinance be declared void; that said act and said ordinance be found lacking in uniformity, oppressive and unequal; that the City be enjoined from attempting to enforce said ordinance; and for a permanent injunction and relief.

The City of Marietta answered, and demurred to the petition generally and specially. The general demurrer insists that the petition sets out no equitable cause of action; that plaintiffs have a complete and adequate remedy at law, and that the court of equity will not take part in the administration of the penal laws of the City; that there is no reason why defendant shall be obstructed in the exercise of the administration of the ordinance; that the petition shows that the only means of enforcement of the ordinance by the defendant is by prosecution under its penal provision, and that the courts of equity will not by injunction prevent the institution of prosecution for criminal offense. It is not necessary to set out the special demurrers.

At the hearing the court overruled the demurrers and passed the following order: "This petition seeks to enjoin the collection of license or business taxes imposed by the City of Marietta. It is alleged that the provision in the act of the General Assembly and also in the city ordinance that $5,000 of the taxes collected be paid over to the school board is unconstitutional and void, but there is no prayer that the city be enjoined from paying it to the school board. On the contrary, counsel for the plaintiffs stated on the hearing that if the petitioners had to pay the licenses, they had no objection to the school having the money. What the petitioners did object to was having to pay to the city. It is assumed that when the city collects it will legally disburse the funds. In

my opinion the petition does not show any valid reason for enjoining the collection of these taxes; and the injunction prayed is denied. The restraining order heretofore granted is revoked." The petitioners excepted to the judgment denying the injunction; and the City of Marietta excepted to the judgment overruling the demurrer.

*H. B. Moss,* for plaintiffs. *J. Z. Foster,* for defendant.